FALLS, Respondent, v. JONES, Admr., etc., Appellants.

**St. Louis Court of Appeals, May 31, 1904.**

1. **PARENT AND CHILD: Presumption.** The presumption that a parent residing in the household of a child is not expected to pay for support, may be overcome by evidence of an express agreement to pay, or by implication from such circumstances as satisfactorily established that the parent expects to pay and the child to charge the reasonable value for such support.

2. **VOLUNTARY PAYMENT.** One who voluntarily and without authority pays the balance due on the mortgage debt of another, after the mortgagor's death, can not recover against the estate of the mortgagor for the amount so paid.

Appeal from Phelps Circuit Court.—*Hon. L. B. Wood-side,* Judge.

AFFIRMED *si.*

*Thomas M.* and *C. H. Jones* for appellants.

(1)  In order for plaintiff to recover in this case it was necessary for him to show that he performed the services in question and that he understood at the time that he performed said services and that he was to receive pay from his mother and that she understood at the time that she would be expected to pay for any services that the plaintiff might render her.  Woods v. Land, 30 Mo. App. 176; Lawrence v. Bailey, 84 Mo. App. 107.  (2)  When a child renders service for its parents the law raises the presumption that such services are acts of gratuitous kindness and that the child is not entitled to pay for such services unless there is shown by the weight of evidence that there was in existence a contract that the child was to receive pay for such services. .Penter v. Roberts, 51 Mo. App. 222; Louder v. Hart, 52 Mo. App. 377; Bittrick v. Gilmore, 53 Mo. App. 53; Costuba v. Miller, 137 Mo. 162.  (3) It is too plain to need the citation of authority for it has been repeatedly held that voluntary payments made in the absence of any understanding can not be recovered from the beneficiary.  Mier v. Mier, 15 Mo. App. 68; Mier v. Mier, 88 Mo. 566; Ritchie v. Carter, 89 Mo. App. 290.

*J. B. Harrison* for respondent.

REYBURN, J.—Respondent tendered, November, 1902, in the probate court of Phelps county for probate, a demand against the estate of his mother, consisting

of a series of items embracing work for seven months of each of the years 1876 to 1888, both inclusive, at rate of $12 per month, cash paid for taxes for years 1885 to 1902 upon her property, sundry amounts paid for material and labor in years 1894, 1896 and 1897, a claim for $14.50 hereafter detailed and a charge for care and support of the deceased for years 1899, 1900 and 1901, at rate of $150 per annum, aggregating $1,666.46. The administrator of the deceased filed a general denial, and an application that the case be certified for trial to the circuit court of Phelps county, as the judge of the probate court was an important and material witness, and the cause was so certified and proceeded to trial before a jury; in the circuit court, the administrator filed an amended answer, pleading in addition to the general denial, the statute of limitations specifically to a considerable number of items of claimant's demand, and concluding with averments that claimant had control, use and management of the farm of deceased, renting it, collecting the rental for his own use from 1897 and prior thereto, and that the rentals and profits of such farm so used by claimant were more than sufficient to pay off and satisfy all taxes and expenses for improvements thereon, and that the account attempted to be probated was for the sole purpose of setting off the same against a judgment rendered against him in favor of the estate of Margaret Falls, deceased, for money received by him from her during her lifetime and which came into his possession at her death.

The jury returned a finding in favor of the claimant for taxes paid for years 1897 to 1902, inclusive, with interest, for an item of $14.55 paid one Campbell, for $3.50 with interest thereon for repairing roof of dwelling, and $165, without interest, for support, making total of $229.32 as amount of verdict.

The present action necessarily involves and recalls the facts attending the prior controversy between these

parties above alluded to and to be found in 101 Mo. App. 536. Margaret Falls died on September 29, 1901, at Rolla, leaving as her heirs four adult daughters and claimant, her only son, with whom she had made her home for many years, during the last few years occupying with him a house belonging to the latter. In December, 1897, she had procured a loan for $600, secured by mortgage upon her farm, and its proceeds were turned over to this claimant for his own use, without any acknowledgment or obligation of any character executed by him for its repayment to her. Immediately before her decease the farm had been sold under the terms of this mortgage upon default in the indebtedness and bought in by claimant, who subsequently paid the mortgage creditor the balance of the mortgage debt remaining unpaid after application of the fruits of the sale under the mortgage, being the sum of $14.55, and one of the items of claimant's demand allowed him in the verdict of the jury. At her death, the deceased had $306 in cash in the house, which was then entrusted to claimant by his sisters and deposited by him to his own bank account; from this amount he paid funeral and other expenses of his mother's last illness, aggregating over $200, and the balance he tendered in his answer in above action. After judgment against him, in the circuit court of Phelps county, in favor of the administrator, he presented this demand against the estate of his mother. Claimant established by receipts of the collector, issued to him, payment of the taxes, and also introduced a receipt dated October 16, 1902, for $14.55, being balance of mortgage debt, and also proved payment by himself of $3.50 to one Green by latter's testimony, about six years prior for work on roof of a house of the deceased. The only realty owned by deceased was the farm already mentioned upon which she had resided with her daughters till their marriage, and during residence on the farm, the claimant who had remained unmarried, had done work upon

it, and had received its product; she had been in receipt of a pension from the year 1890, and at her death had deposited in bank $855. Claimant, however, had not devoted all his time to the cultivation of the farm, but had worked as a cooper in Rolla; the testimony is somewhat obscure, but tends to show that at least, during the last years of the life of his mother, and their residence in claimant's dwelling, he had defrayed the household expenses.

The common rule derivable from the authorities in general and recognized by the decisions of this State, may be stated to be that when a parent resides in the household or family of a child, the presumption prevails that no payment is expected for services rendered or support by such child. This, however, is not a conclusive inference, but may be overcome by evidence of an express agreement to pay, or by implication from such facts and circumstances as satisfactorily establish, that the parent expected to pay and the child to charge the reasonable value of such services or maintenance. In absence of such agreement, expressly had or reasonably implied from the attending facts and conditions, the legal inference arises that the services performed, or the maintenance afforded, were gratuitous and in natural response to the promptings of filial affection and duty. Lawrence v. Bailey, 84 Mo. App. 107; Erhart, Admr., v. Dietrich, 118 Mo. l. c. 431; Kostuba v. Mitler, 137 Mo. l. c. 175; Penter v. Roberts, 51 Mo. App. 222; Louder v. Hart, 52 Mo. App. 376. There was evidence, the weight of which was for the jury, from which an obligation to reimburse the claimant for the support of the deceased might be inferred, sufficient to sustain the verdict in that regard.

2. The award by the jury to the claimant of the balance paid on the mortgage debt was erroneous; as such payment to the mortgagee after the decease of the mortgagor was devoid of authority and the creditor had recourse against the estate, and presentment for

probate would have been the lawful and regular course for enforcing its collection.

Therefore, upon remittitur in this court by respondent, within twenty days from the delivery of this opinion, of the sum of $14.55, the judgment will be affirmed, otherwise the judgment shall be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.