Reiger v. Faber.

J. H. REIGER, Respondent, v. J. H. L. FABER et al., Appellants.

Kansas City Court of Appeals, February 5, 1906.

1. MORTGAGES: Redemption: Possession: Statutory Bond. At common law a debtor could redeem his property at any time after default and before foreclosure but not afterwards. The statute providing a bond for redemption extends the right to redeem for one year after the sale, but does not interfere with the creditor's right to possession after default. His posses-sion, however, does not defeat the effect of the redemption bond.

2. ____: ____: Foreclosure: Statutory Bond. The debtor is entitled to a reasonable time after foreclosure to give his re-demption bond; and the fact of the creditor taking possession in the interim will not defeat the bond.

3. ____: Statutory Bond: Bill to Redeem: Estoppel. Where a party assumes a position in a legal proceeding and succeeds in its maintenance he may not thereafter with a change of his interests assume a contrary position, especially to the preju-dice of the party who has acquiesced in the former position; and so a mortgagee who defeats a bill to redeem on the ground that the mortgagor failed to give the statutory bond, cannot later sue on the bond and recover, wastes and interests.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

REVERSED.

*B. P. Finley* for appellants.

(1) Plaintiff was not entitled to recover on the bond sued on. Sec. 4344, R. S. 1899 (sec. 7080, R. S.

1889). (2) Judicial acts must be shown by the record of the court and where an act is directed to be performed by the court, the act of the judge is insufficient. Smith v. Estes, 72 Mo. 312; Snuffer v. Howerton, 124 Mo. 637; Koch v. Railroad, 77 Mo. 354. (3) Upon the filing of a bond to redeem at a sale under a deed of trust, the mortgagor becomes entitled to the possession of the property, and the purchaser at such sale is entitled to a purchaser's certificate. Sec. 4343, R. S. 1899; sec. 7079, R. S. 1889; Van Meter v. Darrah, 115 Mo. 153; Godfrey v. Stock, 116 Mo. 403; Ins. Co. v. Rogers, 155 Mo. 312; Sheridan v. Nation, 159 Mo. 35. (4) Where a person by his admissions or conduct knowingly causes a change of position or condition as to another, such admissions and such conduct will be binding upon him. Johnson etc. Co. v. Railroad, 126 Mo. 345; Fowler v. Carr, 63 Mo. App. 486; Lumber Co. v. Kreeger, 52 Mo. App. 418; St. Louis v. Gas Light Co., 5 Mo. App. 524, 77 Mo. 69; Daniels v. Tearney, 102 U. S. 415, 26 Loyd 188; Railroad Co. v. McCarthy, 96 U. S. 258; Davis v. Wakelee, 156 U. S. 689; United States v. Hodson, 77 U. S. 723. (5) Where a contract has been entered into by and between parties, and one denies the existence of such contract, he cannot afterwards confirm its existence. Daniels v. Tearney, supra; Railroad v. McCarthy, supra. (6) The injunction bond in cause No. 28867 covered the same period of time and the same elements of damage covered by the alleged redemption bond, and the plaintiff herein having had an assessment and award of damages on the injunction bond in 1899 for a part of the period covered by said injunction bond, is now estopped to set up a claim for damages for the balance of the period, because such damages might, and consequently should have been included in the award on the injunction bond and the plea of *res adjudicata* should not have been ignored. Secs. 3637, 3638 and 3639, R. S. 1899; Laine v.

Francis, 15 Mo. App. 110; Transportation Co. v. Traube, 59 Mo. App. 362; Moran v. Plankington et al., 64 Mo. 338; Hotel Ass'n v. Parker, 58 Mo. 327; Comstock v. Davis, 51 Mo. 569; Greenebaum v. Elliott, 60 Mo. 25; Donnell v. Wright, 147 Mo. 646-647; Laffoon v. Fretwell, 24 Mo. App. 238.

*James C. Rieger* and *Frank P. Sebree* for respondent.

(1) The bond sued on having been given by Faber to secure the right to redeem from the mortgage sale as provided by sections 7079 and 7080 of the Revised Statutes of Missouri 1889, and the condition of the bond being that Faber should pay the interest that might accrue on the mortgage debt, and the evidence showing that there was a breach of the condition of the bond, and that the interest was not paid, the judgment for plaintiff on the bond for said interest, $550, was proper. R. S. 1889, secs. 7079, 7080. (2) There was no valid defense to plaintiff's cause of action. James v. Dixon, 21 Mo. 538; Henry v. State, 9 Mo. 778; State to use v. Farmer, 54 Mo. 439; Brown v. Weatherby, 71 Mo. 152; Williams v. Coleman, 49 Mo. 325; Jones v. State, 7 Mo. 81; In re Mayfield, 17 Mo. App. 684; Wendover v. Baker, 121 Mo. 273; State to use v. Hollinshead, 83 Mo. App. 678.

ELLISON, J.—This action was instituted on a certain statutory redemption bond executed by defendants to the plaintiff. The trial court gave what amounted to a peremptory instruction to find for plaintiff in the sum of five hundred and fifty dollars, and the defendants come here for relief from the judgment rendered on the verdict thus directed.

The bond was executed under the provision of secs. 7079 and 7080, Revised Statutes 1889 (now secs. 4343 and 4344, Revised Statutes 1899), whereby a

grantor, in deeds of trust given on land to secure the payment of a debt when such lands were sold by the trustee and purchased by the beneficiary in the deed, is given the privilege of redeeming the land at any time within one year by giving a bond, with sureties, securing the payment of the interest on the debt accruing the year after the sale and the payment of all damages and waste occasioned, or permitted, by the person whose property is thus sold. It appears that the defendant Faber gave to the plaintiff a deed of trust on certain lots and buildings thereon to secure the payment of a note for $6,500 and interest. That default was made in the payment in the fall of 1896 and the trustee was requested to sell the property, which, after advertisement, he did, on the 15th of December, 1896, the plaintiff being the purchaser. Defendant, on that day, executed the redemption bond in suit. Notwithstanding this, the trustee executed a deed to the premises to the plaintiff. Defendant's bond was conditioned for the payment of interest accruing within the year ending December 15, 1897 and any damage or waste to the property within that time. It appears that the bond was endorsed as approved by the judge of the circuit court, and does not appear to have been approved by the court until about one year thereafter. Shortly afterwards, on December 30, 1896, defendant brought his bill in equity, whereby he sought to have the sale of his property set aside on account of what was alleged to be a defective notice of sale, and on account of having given the redemption bond. Defendant likewise asked in said bill that plaintiff be enjoined from collecting rents, or interfering with the tenants of said houses, and restrained from any further acts of possession. He filed therewith his proper injunction bond conditioned to pay this plaintiff all sums of money adjudged against him if the injunction was dissolved. This plaintiff filed his answer to said

bill in equity, in which he admitted that he was claiming possession of the property under his trustee deed; and denied that this defendant had executed the bond in suit. It further appears that this plaintiff filed his affidavit in said equity proceeding shortly after it was instituted, in which he made oath that he went to the tenants of the property, exhibited his deed to them and they attorned to him, and he then went into possession of the property.

It further appears that thereafter defendant's bill in equity was dismissed and the injunction dissolved on February 18, 1899, and that on April 24, 1899, plaintiff filed his motion to assess damages on the injunction bond on account of loss of rent of the property "after the 15th day of December, 1897." On this motion, the court assessed the sum of four hundred and fifty dollars against this defendant and his sureties.

Without the aid of the statute, the debtor may redeem his property at any time after default and before foreclosure by sale, but not afterwards. The statute merely extends the right to redeem after the sale for a period of one year, if the debtor will give bond securing the interest of that year and payment of any damages or waste. It is well understood law that a mortgagee or trustee in a deed of trust, after default by the debtor, is entitled to the possession of the property and he may, without foreclosure, maintain ejectment for it, if he wants possession, or he may take possession peaceably. [Johnson v. Houston, 47 Mo. 227; Reddick v. Gressman, 49 Mo. 389; Dickerson v. Bridges, 147 Mo. 235, 244.] He may thus satisfy his debts from the rents and profits of the estate. He can be made to account for the rents and profits toward the liquidation of the debt, and when satisfied, the mortgage or deed of trust is of no further force. The statute in question, being a mere extension of time for redemption,

does not absolve the debtor of all consequences of his default, nor deprive the creditor of any right except that of suspending his claim to absolute title until there has been a failure by the debtor to redeem within the year after sale. So the creditor, notwithstanding the execution of the redemption bond, still has the right to the possession, which he gets by reason of the default, and he may peaceably take such possession if he wants it, not by reason of his purchase at the foreclosure sale, but by reason of the default. But, if he takes possession, he must, of course, account for the rents and profits for the year of redemption, notwithstanding his purchase, for the reason that the right of redemption still exists. We, therefore, conclude that plaintiff's taking possession of the property immediately after the sale and taking to himself the profits thereof, as alleged, did not, *ipso facto,* defeat or render nugatory the redemption bond. It had its effect on the bond only as it might reduce or satisfy the obligation therein, in the process of liquidating the entire debt.

We recognize the law as stated by the Supreme Court in Life Ins. Co. v. Rogers, 155 Mo. 312, and Sheridan v. Nation, 159 Mo. 27, that the debtor should have a reasonable time in which to give his bond of redemption and the impropriety of the creditor seeking to obtain possession of the property without the debtor's consent while the bond is being secured. But, if the creditor does go into possession and thereby secures the profits of the estate, he does not thereby nullify the bond. Though, if such possession was taken without the consent and against the will of the debtor, he, doubtless, could assert the remedy, which is given by the statute, of forcible entry and detainer. But, in this case, no effort of that kind was made.

But a point is made by defendant, which goes to the whole of the case as presented in the record. When defendant brought the bill in equity, herein referred to,

and secured the injunction on the ground that he had given the redemption bond, this plaintiff, as defendant in that suit, answered and repudiated the bond. He denied there was a valid bond. He now seeks to change position and has for the foundation of the present action the thing repudiated in the other. He prevailed in that action. What is there to show to us that his defeat of this defendant, as plaintiff in that action, was not directly caused, or largely influenced, by his denial of the bond? It was shown that no notice of the bond was given on the day of the trustee's sale. It was shown that there were serious objections raised for other reasons to the validity of the bond as a statutory bond; objections of such consequence that plaintiff now seeks to bolster its validity by the contention that, if not a good statutory bond, it is valid as at common law. Why, then, may it not be that plaintiff prevailed in that action on the ground, which he now repudiates? But, in addition to this, plaintiff's conduct from the beginning discloses a repudiation of the bond. He denied there was any right to redeem and he contested, for nearly two years, a case in which the validity of the bond was asserted by his opponent and denied by him. "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of a party, who has acquiesced in the petition formerly taken by him." [Davis v. Wakelee, 156 U. S., 689, 690, 691; Railroad Co. v. McCarthy, 96 U. S. 258, 267; Daniels v. Tearney, 102 U. S. 415, 421.] The application of the rule against inconsistent positions generally occurs where they are taken in the same case, as in Bensieck v. Cook, 110 Mo. 173, but it is not always so, as appears in the cases just cited. The former conduct of this plaintiff, .

so at cross purposes with his present contention, though relating to another suit, was a contest with this defendant and concerned the subject-matter of the present controversy. There is no reason why the broad and just principles of estoppel should not apply and thereby defeat the present action. Plaintiff should not be permitted to defeat the defendant in one action on the ground that the bond was bad and then defeat him in another on the ground that it was good.

It is no answer to this position to say that the plaintiff did not include the year of redemption in his motion for an assessment of damages on the injunction bond. It appears that he did not, but the reason, if there was one, does not appear. At any rate, that fact does not affect the view we have stated. It could not have affected the question of plaintiff's repudiation of the bond for the reason that it occurred after the trial of the main cause.

The peremptory instruction offered by defendant should have been given. The judgment is reversed. All concur.