JAMES W. McCLURE, Respondent, v. THOMAS B. CLEMENT, Appellant.

Kansas City Court of Appeals, January 22, 1912.

1. **WITNESS: Competency: Interest: Party: Death.** The witness statute of Missouri removes the common law disqualification of a witness by reason of his interest as a party to the suit or cause of action, except where the other party to the contract is dead or insane. His disqualification where the other party is dead or insane is not because of his interest, but for the reason that the other party is dead or insane.

2. ———: ———: **Party to the Suit.** A witness who was a party to the contract or cause of action in issue, is incompetent where the other · party to such contract is dead or insane, whether he (the witness) is a party to the suit or not.

3. ———: **Joint Interest with Plaintiff: Contract or Cause of Action.** A proposed witness who is not a party to a suit, but who jointly with the plaintiff prosecuted the business upon which the claim in suit is based, with the consent of the principal, and assisted in prosecuting the suit, and was equally interested with the plaintiff in the sum to be recovered, is a party to the contract or cause of action in issue and on trial, in the sense of the statute (Sec. 6354, R. S. 1909), and is therefore incompetent.

4. ———: ———: ———: **Inconsistent Positions: Estoppel.** One real estate agent represented the seller in the sale of lands and another represented the buyer. In the negotiations they each agreed that they would share commissions received from their principals. Each brought suit against his principal for his commission. In the suit of the first the defense, in part, was that the agents had this agreement as to commissions without the knowledge of the principals, and therefore the agreement of the agent was illegal and no commissions could be recovered. The plaintiff avoided such defense by claiming that the other agent was not the agent of the buyer. In the suit of the second, prosecuted on the theory that he was the agent of the buyer, but both the buyer and seller knew of the agreement to share commissions and consented thereto, it was held that the two positions were inconsistent and that the plaintiff in the second suit could not recover.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED AND REMANDED.

_ T. B. *Wallace* and *Boyle & Howell* for appellant.

Joseph S. *Rust* for respondent.

ELLISON, J.—Plaintiff is a real estate agent and his action is to recover a commission for the sale of real estate belonging to defendant. He had judgment in the circuit court.

It appears that defendant owned a farm in Pettis county of 800 acres, and a house in Sedalia in the same county, and that one Reuben Mastin owned a large farm in Jackson county containing over 1400 acres, and each wanted to sell. Plaintiff lived in Sedalia and claimed to represent defendant, while J. H. Lipscomb, a real estate agent, resided in Kansas City and represented Mastin. Mastin sold his farm to defendant, taking the latter's farm and Sedalia house in part payment. Lipscomb demanded a commission of Mastin which the latter refused to pay. A suit followed in which Lipscomb recovered a judgment for $3594.45, which was affirmed in this court, (Lipscomb v. Mastin, 142 Mo. App. 228). After that suit was finally determined plaintiff instituted this action.

The evidence establishes that plaintiff and Lipscomb were under an agreement with each other that they should share equally in the commissions to be charged to Mastin and defendant, and there was evidence tending to show that this defendant knew of this arrangement. The evidence also establishes that Lipscomb has paid plaintiff one-half the commission which he collected from Mastin, less one-half the expenses, including the suit; and that plaintiff is to pay Lipscomb one-half of what he may recover in this action, less one-half the expense of litigation in obtaining it. The evidence further disclosed that defendant is a very old man and that most of the negotiations

of plaintiff and Lipscomb were with one Mahan, defendant's son-in-law and agent. It was further shown that defendant is now insane.

In this state of facts and of the record Lipscomb, over the objection of defendant, was permitted to testify in behalf of the plaintiff. We think he was not a competent witness. We do not put his incompetency on the ground that he was interested in the result of the cause of action, for the common-law disability by reason of interest is removed by the statute. ¡Sec. 6354, R. S. 1909.] The ground of his disability is that defendant is insane. While a witness who is interested when the other party is dead or insane, is, in fact, for most purposes incompetent, the incompetency arises from death or insanity of the other party and not from interest of the witness. The importance of this distinction is shown by the fact that for some purposes the interested witness is competent under the statute. [Weiermueller v. Scullin, 203 Mo. 466; Jackson v. Smith, 139 Mo. App. 691.] It is therefore urged by plaintiff that since Lipscomb's interest did not disqualify him, and since he is not a party to the suit or, as is claimed, to the cause of action, he is a competent witness. We agree he is not a party to the suit, but whether he is a party to the contract we will speak of further on.

It was held by the Supreme Court in construing the statute in Looker v. Davis, 47 Mo. 140, that to render a witness incompetent he must have been, not only a party to the original contract in issue, but also a party to the record in the suit. The same ruling was made in Kenyon v. Peirce, 17 R. I. 794; Chamberlin v. Chamberlin, 4 Allen, 184; Bigelow v. Heyer, 3 Allen, 243; Granger v. Bassett, 98 Mass. l. c. 468; Wright v. Gilbert, 51 Md. 146, 156. Some of those decisions contain clear statements of the reason for such construction of the statute, and cite Looker v. Davis with other authorities. We find that Looker v. Davis has

been affirmed in Klostermann v. Loos, 58 Mo. 290, 294, and State ex rel. v. Huff, 63 Mo. 288; and that the necessity of being a party is recognized in Chapman v. Dougherty, 87 Mo. 617, 626. When those cases were decided, our statute was like the statutes in the states where the other decisions were rendered. But our statute was materially amended by the Laws of 1887, page 287, carried into each revision down to the present one of 1909. Before the amendment the proviso read: "Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." The peculiar wording will be noticed; the party dead or insane is described as one that must have been a party to the contract or cause of action, but the other, is simply denominated "the other party," without describing him. As is said in Kenyon v. Pierce, supra, the words, the other party, "may mean the other party to the proceeding, or the other original party to the contract or cause of action, who is also a party to the proceedings." So the Supreme Court of Massachusetts in Chamberlin v. Chamberlin, supra, said, that the statute "established the general rule that parties should be admitted to testify in their own behalf. To this rule, it annexed the exception, among others, in the form of a proviso, that, when one of the original parties to the contract or cause of action in issue and on trial is dead, the other party shall not be admitted to testify in his own favor. What party? Clearly the party to the record, who was living, and who, but for this exception, would be a competent witness under the general rule declared by the previous part of the same section. The exception was intended to apply only to cases where one of the parties to a contract or cause of action has died, and the other party to it is living and also a party to the record. Its sole design was to exclude the tes-

timony of such party. Beyond this, it has no application. In the cases which have arisen under this proviso the party excluded was not only a party to the cause of action or contract in issue, and on trial, but was also a party to the record." As already said, these cases properly reasoned out the meaning of the expression, "the other party," to be the other party to the contract who is also a party to the record in the action. The Legislature doubtless seeing that different views could be taken of the statute in that form, amended it so that it now reads, "the other party to such contract or cause of action," thus naming and identifying "the other party" and ending conjecture.

We have not overlooked that Meier v. Thieman, 90 Mo. 433, a case arising before the amendment, without noticing Looker v. Davis, ruled that a party to the contract or cause of action with the deceased was an incompetent witness, though not a party to the suit, and that the words "the other party" did not refer to the party to the suit but "to the party to the contract;" leaving out of view, that though the words do refer to the other party to the contract such other party must also have been a party to the suit in order to have been incompetent as a witness before the amendment. This ruling was made in a case where the witness was not only not a party to the suit, *but was not a party to the contract or cause of action.* The real reason for pronouncing the witness incompetent is that he was interested, and in that respect the case cannot be reconciled with Weiermueller v. Scullin, supra. It will be further noticed that the witness was said to be incompetent on the ground that he was at common law, citing Angell v. Hester, 64 Mo. 142 and Ring v. Jamison, 66 Mo. 424. But those cases, together with Curd v. Brown, 148 Mo. 82, were overruled in Weiermueller v. Scullin.

But regardless of that case, for it has no bearing on this case, it seems to be clear under our present

statute, that the other party to the contract or cause of action is incompetent as a witness, even though he is not a party to the suit or record; or, expressed differently, the only requisite to incompetency as a witness is that the surviving party, shall be a party to the original contract or cause of action; and whether he is a party to the record is of no consequence.

This construction of the statute as amended avoids injustice, possible before the amendment. Many instances could be given where the original party to the contract is not a party to the suit and yet is to receive the entire benefit of it, and whose testimony would be "in his own favor." We should here state that we overlooked the fact that the statute had been amended since Looker v. Davis was decided, when writing the second branch of Jackson v. Smith, 139 Mo. App., beginning on page 699 of the report.

We are thus free to inquire whether Lipscomb was a party to the contract or cause of action here involved. We have already stated that the record shows he entered into and became interested in the contract. He came to be jointly interested in it by an understanding with plaintiff and defendant; that is to say, plaintiff agreed to give him half of it for his joint effort in promoting the sale for defendant, and the latter agreed that that might be done. He thereby became interested in the contract, and became obligated to perform it with plaintiff. It is true his interest would not disqualify him as a witness, but such interest may have its influence, in a proper case, in determining whether he was a party to the contract. On the ground that he was a party to the contract we hold error was committed in, permitting him to testify.

But it is insisted that though he was incompetent, his being allowed to testify was not reversible error, on the ground that the matter here referred to was shown by the uncontradicted evidence of the plaintiff. The difficulty with that position is that plaintiff was

also disqualified as to anything said between him and defendant. He should not be allowed to state any employment by defendant, being confined on such subject to his contract (if any) with Mahan as agent of defendant.

We have already shown the joint interest of Lipscomb and this plaintiff in the claims against Mastin and against this defendant. While they may not have been partners in a strict sense, they were practically so. They had equal shares in each claim, and each was equally interested in the case against Mastin and in this case against Clement. Both were assisting in the prosecution of each suit, and both were present at the trial of each, and each should be held for the position taken by the other.

It is the law that an agent representing both buyer and seller is occupying an improper and illegal position; and that he cannot recover commission from either, unless his dual capacity was known and consented to by the parties. This proposition of law was interposed against Lipscomb to defeat his recovery in the case against Mastin, and it was met by a denial in that case that this plaintiff was Clement's agent, and this court's opinion in that case was based partly on the fact that he was not such agent.

But in this case the opposite ground is taken, for it is based on the claim that he was such agent, but that his principal knew of his double agency and consented to it. In other words, plaintiff and Lipscomb obtained a judgment, in the latter's name, against one of these parties by the claim that plaintiff was not an agent of defendant, and now are endeavoring to obtain a judgment against the other party by the claim that he was such agent. These positions are irreconcilable. The Supreme Court of the United States in Davis v. Wackerle, 156 U. S. 689, lays down the following rule: "It may be laid down as a legal proposition that where a party assumes and maintains a position in a legal

proceeding and succeeds in maintaining that position he may not thereafter simply because his interest has changed assume a contrary position.'' We applied this rule in Reiger v. Faber, 116 Mo. App. 123, 129. It is approved in Tower v. Compton Hill Imp. Co., 192 Mo. l. c. 393; Coney v. Laird, 153 Mo. 408, 435; Railway Co. v. McCarthy, 96 U. S. 258, 267; and Daniels v. Tearney, 102 U. S. 415, 421.

An application of this law would defeat the plaintiff's claim if it appears on a retrial that Lipscomb and plaintiff were jointly interested in the two claims and the suits to recover judgment on them; and that each of the suits were in fact prosecuted and conducted by both. In such case it would then be proper to show the position taken in the Mastin case and to that end briefs in that case would be competent along with the opinion of this court in that case on that subject.

The judgment is reversed and the cause remanded. All concur.