No. ——

First Circuit Appeal

## W. D. HUGHES v. LYON LUMBER COMPANY

(June 12, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Negligence—Par. 22, 25.**

One, who seeing a fire caused by the negligence of another makes no effort to protect his property from it although he could have saved it, is contributorily negligent and therefore cannot recover.

2. **Louisiana Digest—Damages—Par. 48.**

One must make every effort to minimize the damage to his property caused by the negligence of another.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Livingston, Hon. Columbus Reid, Judge.

This is a suit to recover damages due to burning of timber and other combustible property.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

W. S. Rownd, of Hammond, attorney for plaintiff, appellee.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues for the recovery of damages caused by fire to his timber, fences and other combustible property situated on his tract of land, situated in the Parish of Livingston. That the fire was set by sparks from a locomotive belonging to or under the control of defendant is not seriously disputed. It started at some distance from plaintiff's premises. was fanned by the wind, and reached plaintiff's place where the damage is alleged to have been suffered.

The plaintiff as a witness in the cause, admitted that he saw the fire some four or five hours before it reached his property, that he gave no alarm, went to visit his mother, and finally admits that he made no effort to keep the place from burning. He says, though, that on his way back from his mother, he tried to rake the grass and stuff from around his lumber, but could not do anything with it.

The case appears to us as one in which a person foreseeing a danger or threatened injury caused by the carelessness and negligence of another, makes little, if any effort to protect himself from that danger.

The rule that one must make every effort, to minimize the damage caused by the negligence of another, has become so axiomatic in this State, that it may be admitted without citation of authority.

In the brief filed by defendant, it is stated that a person acting in the manner that defendant did, is guilty of contributory negligence, and may not recover. The reasoning of these decisions appears to be well grounded and we believe should be followed in adjudicating upon this case.

St. Louis Southwestern Ry. Co. vs. Arey, 179 S. W. 860, Sherman & Redfield on Negligence, 6th. Ed. Vol. 3, p. 1770; Stewart vs. Quincy, 142 Mo. App., 232; Hunter vs. Pennsylvania R. C., 45 Penn., S. C. 476.

The district court awarded judgment to plaintiff in the sum of two hundred dollars. We believe that judgment is erroneous, and

It is therefore ordered that the judgment appealed from be avoided and reversed and plaintiff's demand be refused at his costs.