# C. E. DONNELL NEWSPAPER COMPANY, Appellant. v. ADOLPH C. JUNG et al., Respondents.

### St. Louis Court of Appeals, November 28, 1899.

1. **Suit on Contract: PARTY DEAD: AGENT AND PRINCIPAL DISQUALIFIED, WHEN.** Suit on a contract made by an agent with a member of a copartnership, the partner with whom contract was made being dead at the time of trial: Held, that the trial court did not commit error by ruling that the agent and his principal were incompetent.

2. ———: ———: **AGENT COMPETENT, WHEN.** Agent competent as to matters that transpired after the relation of agency had ceased.

3. ———: **EVIDENCE: PATENT AMBIGUITY: NOT EXPLAINABLE BY PAROL EVIDENCE.** The contract offered by plaintiff in evidence purported to be complete, and the ambiguity affecting it, was patent, that is, manifest on its face, showing plainly that something should be added: Held, that the trial court in excluding the contract offered by plaintiff ruled properly.

4. ———: ———: **INCOMPETENT WITNESS: EVIDENCE OBJECTIONABLE ANY TIME.** The court may exclude the testimony of a witness who is incompetent, at any time during the trial.

Appeal from St. Louis City Circuit Court.—*Hon. John M. Wood*, Judge.

AFFIRMED.

*McCorkle & Haberman* for appellant.

(1) A contracting agent who has no interest in the contract, does not fall within the rule rendering parties incompetent, where the other party to the contract is dead or insane. Bates v. Forcht, 89 Mo. 121; Stanton v. Ryan, 41 Mo. 515;

Baer v. Pfaff, 44 Mo. App. 35, 38; Samuel v. Bartee, 53 Mo. App. 587; Leahy v. Simpson's Adm'r, 60 Mo. App. 83 Meier v. Thieman, 90 Mo. 433, 441. (2) The testimony of witness Jones, brought out by defendants themselves as well as the testimony of both Jones and Donnell given without objection, should not have been excluded. If their testimony was incompetent, an objection comes too late after defendants drew out the objectionable testimony; also where the testimony was given without objections being made by defendants at the time. Hickman v. Greene, 123 Mo. 165; State v. Hope, 100 Mo. 347; Wendover v. Baker, 121 Mo. 273. (3) The necessities of the interpretation may compel the rejection of a word or phrase, so as to give effect to others. Charles v. Patch, 87 Mo. 450; Jackson v. Hodges, 2 Tenn. Chan. 276; Getchell v. Whittemore, 72 Maine 393; Harris v. Hull, 70 Ga. 831. (4) Where there are repugnant words and clauses in a contract, that fact alone will not require its rejection, but the court should seek for the intention of the parties, and if that can be gleaned from the surrounding facts and circumstances, or some other part of the instrument, the court should reject that part which does not conform to the intent, and retain that which is in harmony with it. Erskine v. Moulton, 66 Me. 276; Woods v. Hart, 70 N. W. 53; Strauss v. Wannamaker, 175 Pa. St. 213; Rutherford v. Tracy, 48 Mo. 325; Driscoll v. Green, 59 N. H. 101; Case v. Dwire, 60 Iowa, 442.

*Foster & Rodgers* for respondent.

(1) Where one of the firm who had the transaction dies, opposite party not competent witness. Butts v. Phelps, 79 Mo. 302; Williams v. Perkins, 83 Mo. 379; Wiley v. Morse, 30 Mo. App. 266; Chapman v. Dougherty, 87 Mo. 617. (2) Where one member of a firm who had the trans-

action dies, the agent of the opposing party not a competent witness. Orr v. Rode, 101 Mo. 396; Banking House v. Rood, 132 Mo. 261, 262; Brim v. Fleming, 135 Mo. 605, 606; Miller v. Wilson, 126 Mo. 54, 55; Green v. Ditsch, 143 Mo. 1; R. S. 1889, sec. 8918. (3) Where one of the parties to a contract is dead, the other is no more competent as a witness to prove acts of part performance under the contract than to prove the contract itself. Sitton v. Shipp, 65 Mo. 297; Amonett v. Montague, 63 Mo. 205. (4) Extrinsic evidence is not admissible to remove a patent ambiguity, and the instrument is inoperative and void. Campbell v. Johnson, 44 Mo. 247; Johnson v. Johnson, 32 Ala. 637; Phanton v. Tefft, 22 Ill. 367. (5) The court may sustain a motion to expunge testimony of a witness if it appears at any time during the examination, that he is incompentent. Le Barron v. Redman, 30 Me. 537; Seeley v. Engell, 13 N. Y. 545; Heely v. Barnes, 4 Den. (N. Y.) 73; Butler v. Tufts, 13 Me. 302.

BLAND, J.—Suit was begun in a justice's court on the following statement:

"St. Louis, Mo., Feb. 20th, 1897.

"August H. Jung and Adolph C. Jung, copartners as A. H.
    "Jung & Bro.
        "to

"C. E. Donnell, doing business as C. E. Donnell Newspaper
    "Co., Dr.

"To loss of profits and damages arising out of breach of a contract made by said A. H. Jung & Bro., with C. E. Donnell Newspaper Co., under which said Donnell was bound to furnish paper complete, and press work, for 'The Carondelet Progress,' from March 6, 1896, for a period of six months, and which they agreed to receive and pay for; which contract was broken by said A. H. Jung and Bro., without cause. $74.46."

During the pendency of the suit A. H. Jung died, and

the suit was revived against his administratrix. To sustain the issues on his part plaintiff offered the following paper:

"2-24, 1896.

"To C. E. Donnell Newspaper Co.,
"Auxiliary Publishers,
"510-512 Elm St.,
"St. Louis, Mo.

---

"Order for ready printed sheets for my paper, commencing with issue of 3-6-96 for 1 yr. from date.

Name of Paper          Carondelet Progress.
Publisher              A. H. Jung & Bro.
Town                   Carondelet, Mo.
County...................State .........  ....
Size                   7 fol.        No. Qrs. 24 10c
Outside or inside complete $1.50 Pressw'k.
Volume ..............No...............(if outside)
Motto....................  .......  .........  ... (if outside)
Day of Shipment........L...........  .......  .....
Per     Call     Express...........  ......Freight
Address on label...............................  .....
.........  .......  .......  .........  .......

"I will mail you regularly two copies of my paper completely printed, for your files. Extra sheets being sent me for that purpose.

"Print and ship for a period of 6 months—for which I agree to pay monthly.

"Signed A. H. Jung & Bro.,
"Per A. H. J."

Plaintiff offered himself as a witness. By his testimony it was developed that the agreement sued on was made by plaintiff and his agent G. A. Jones with A. H. Jung, alone; that A. C. Jung, the other partner, was not present, and did not participate in the making of the agreement. On this showing the court, on the objection of defendant, ruled that

neither plaintiff nor his agent Jones were competent witnesses to prove the contract, for the reason that the other party to the contract was dead, but did permit both plaintiff and Jones to testify that deceased party did sign the paper. The court ruled that the paper offered in evidence as a contract was void for uncertainty, whereupon plaintiff took a nonsuit with leave to move to set it aside. His motion to set aside the nonsuit was overruled, and he appealed to this court.

(1) Appellant contends that Jones is a competent witness because he had no interest in the suit. Jones' testimony shows that he was the agent of the respondent to solicit business; that he solicited an order from Jung & Company and prepared a part of the paper offered as a contract and was present when it was signed by A. H. Jung. In this transaction he repesented the plaintiff, stood in his shoes, and as to this transaction, it has been repeatedly held by our supreme court he was an incompetent witness. Green v. Ditsch, 143 Mo. 1; Brim v. Fleming, 135 Mo. loc. cit. 605; Banking House v. Rood, 132 Mo. 256. But as to what transpired afterwards, when he was not acting in the capacity of appellant's agent, he was a competent witness, and was permitted by the court to testify, and because he was so permitted to testify without objection by respondent, was not a waiver by respondent of his competency to testify as to the making of the contract as contended for by appellant. It is not contended by appellant that respondent was a competent witness.

(2) Appellant contends that surrounding facts and circumstances should be taken into consideration to explain away the patent ambiguity of the paper offered as the contract between the parties. Lord Bacon said: "*Ambiguitas patens* can not be holpen by averment, and the reason is, because the law will not couple and mingle matter of specialty, which is of higher account, with matter of averment, which is of lower account in law, for that were to make all deeds hollow and subject to averment, and so in effect to make that pass

without deed which the law appoints shall not pass but by deed." Broom's Legal ·Maxims, side page 584. This rule has been extended to written contracts in general, and is as universally and as well settled as it is possible to settle a rule of pleading and evidence. The written instrument must stand or fall by what appears upon its face. It can not be "holpen" by extraneous evidence. The learned circuit judge held that it was too indefinite and vague for intelligent interpretation, that for uncertainty it was void. We are of the same opinion. It may be well to note further, that appellant did not offer a syllable of testimony tending to prove that he had sustained any damages whatever.

Finding no reversible error in the record the judgment is affirmed. Judge *Biggs* concurs in result. All concur.