## MARY LAWRENCE, Respondent, v. A. A. BAILEY, Administrator, etc., Appellant.

### Kansas City Court of Appeals, April 2, 1900.

1. Parent and Child: SERVICES OF LATTER: PROMISE TO PAY: EVIDENCE. Though services rendered by the child to the parent are valuable, the presumption is that they are gratuitous unless the promise to pay is proven; and the evidence here reviewed fails to show such promise.

Appeal from the Linn Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED.

*Johnson & Bresnehen* for appellant.

(1) In an action by the daughter to recover from the deceased father's estate for services rendered the father, the burden is upon the plaintiff to overcome the presumption that the services were gratuitous kindness. There must be sub-

stantial evidence of such a contract between the parties as the law could enforce. Woods v. Land, 30 Mo. App. 176; Koch v. Hebel, 32 Mo. App. 103; Brock v. Cox, 38 Mo. App. 40; Penter v. Roberts, 51 Mo. App. 222; Finnell v. Gooch, 59 Mo. App. 209.

*Chas. K. Hart* for respondent.

(1) "Notwithstanding the fact that family membership in itself implies that the services are gratuitous and without the expectation of pecuniary reward, the promise to pay may be implied from any facts and circumstances which in their nature justify the inference of an actual contract of hire or an actual understanding between the parties to that effect." Cowell v. Roberts, 79 Mo. 218; Guenther v. Birkicht, 22 Mo. 439; Koch v. Hebel, 32 Mo. App. 103. (2) The circumstance that the plaintiff was then of age and away from home working for herself and returned home to care for the parent together with conversations between the parent and witnesses concerning plaintiff's services are, taken together, sufficient to take the case to the jury. Koch v. Hebel, 32 Mo. App. 103; citing Andrus v. Foster, 17 Vt. 556. In one case statements by deceased alone were held sufficient to warrant the refusal of a peremptory instruction. Finnell v. Gooch, 59 Mo. App. 209. (3) Where there is any evidence to support issue it should be submitted to the jury. Twohey v. Fruin, 96 Mo. 104; Taylor v. Short, 38 Mo. App. 21.

SMITH, P. J.—This is an action originating in the probate court. The plaintiff presented a demand against the estate of William Dawson, deceased, for $423, on account of one hundred and forty-one weeks and one day's services in the capacity of housekeeper, rendered deceased by plaintiff

at his special instance and request, which services were of the reasonable value of three dollars per week.

The facts which the evidence tended to disclose were, that the plaintiff was the daughter of the deceased, who had, for several years prior to the time of the performance of the services for which she makes claim for compensation, lived away from the home of the latter; that the deceased, who was a helpless old man—living alone, having no one to cook, wash and keep house for him, his wife being dead and his children having grown up and left him—requested the plaintiff, who was then employed as a domestic in the family of a stranger, and receiving one dollar and fifty cents per week for her services, to come home; and that with which request the plaintiff complied. It appears that she subsequently rendered the services stated, but there is no evidence tending to show that there was any express promise made by the deceased to pay her any wages for her services, nor that it was the intention of the plaintiff to charge, or of the deceased to pay, anything therefor. The nearest approach to this was a remark made by the deceased to the witness Marshall, which was in substance that plaintiff was a good girl and had waited on him in every respect, and that she "would never lose anything by being good to him;" and the further remark to witness Love: "If it was not for Mary (plaintiff) I do not know what I would do."

It is very well settled in this state to the effect that in cases where it is shown that the family membership exists, as here, and services are rendered, that the law will not imply a promise to pay therefor. No recovery can be had in such case in the absence of proof of an express promise to pay therefor, or of such facts and circumstances as in their nature justify the inference of an actual contract of hire, or an actual understanding between the parties to that effect. The law, in its humanity, will presume that services rendered by

a child to an aged and helpless parent are a gratuity—a kindness. The ordinary presumption which would arise between strangers does not obtain in such case. Though it appear that the services rendered were of value, yet if it appears further that the relation of parent and child exists, then the law will not imply a promise to pay—the presumption that the service was a gratuity arises and until it is met and overcome by proof of a promise to pay therefor, or, as already stated, of such facts and circumstances as will justify the inference of such promise, there can be no recovery for such services. Woods v. Land, 30 Mo. App. 176; Copp v. Hardy, 32 Mo. App. 588; Koch v. Hebel, 32 Mo. App. 103; Brock v. Cox, 38 Mo. App. 40; Penter v. Roberts, 51 Mo. App. 222; Finnell v. Gooch, 59 Mo. App. 209.

We are unable to conclude that the declarations made by the deceased in respect to the services of the plaintiff already referred to are of themselves, or in connection with all the other facts and circumstances shown in evidence, sufficient to justify the inference that there was an actual contract of hire, or an actual understanding between plaintiff and deceased to that effect. It therefore follows that the trial court erred in denying the demurrer interposed by the defendant to the evidence.

We shall accordingly reverse the judgment and remand the cause so as to afford the plaintiff an opportunity at another trial to supply, if she may, the defect which we have indicated in her proof. *Ellison, J.,* concurs; *Gill, J.,* not sitting.