GEO. L. EDWARDS, Admr. of ELIAS TILLOTSON, deceased, Appellant, v. E. H. WARNER, Respondent.

**St. Louis Court of Appeals, April 10, 1900.**

Witness: RULE AS TO COMPETENCY WHEN ONE PARTY TO CONTRACT IS DEAD: AGENT. The rule is clear and well established that when one party to a contract or cause of action in issue and on trial is dead, neither the other party to such transaction, nor one who acted as his agent in consummating it, is a competent witness against the objection of the adverse party, as to anything said or done in the transaction with the decedent.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*D. Hopson* and *John E. Bishop* for appellant.

(1)   The sole defense tendered by the evidence of defendant in this case is that the note sued upon was at maturity renewed; that at its maturity plaintiff's decedent accepted from defendant a renewal note in discharge thereof. This defense is tendered by the evidence of a single witness, James M. Bullard. Without the testimony of this witness, all else testified by the witnesses of defendant proves nothing, and does not even tend to establish any defense to the note in suit. This witness says this note at maturity was renewed, and that plaintiff's decedent at that time accepted from defendant a renewal note in discharge of the note in controversy. This,

if true, is admittedly a good defense. But plaintiff challenges the competency of the witness, James M. Bullard, as one by whom to establish such alleged fact or defense. And the competency of this witness for such purpose is the single proposition presented for decision in this case. Plaintiff concedes if, under the circumstances in evidence, this witness was competent therefor, then the judgment of the trial court ought to be affirmed; if incompetent therefor, plaintiff insists such judgment ought to be reversed and judgment entered here for plaintiff.

*A. Gfeller* for respondent.

(1) Appellant failed to make out a case, because he failed to prove title to the note sued on. According to his own evidence the note belonged to the co-partnership firm of Tillotson & Company, composed of Elias Tillotson and George W. McMillan, and that the indorsement was made by one neither a partner, nor authorized to make the indorsement. Where a party relies upon an instrument purporting to have been executed by an agent, he must prove the agent's authority. Stone v. Palmer, 28 Mo. 539; Turner v. Lord, 92 Mo. 113. (2) It appears from appellant's own evidence and the inferences necessarily to be deducted therefrom, that the note sued on had been paid at its maturity. The presumption is that the ordinary and usual method of transacting business have been followed. Wendover v. Baker, 121 Mo. 297; Tailor v. Murphy, 24 Mo. App. 420; Brooks v. Holt, 65 Mo. App. 613. (3) It appears from appellant's own evidence that if said note is still due and unpaid, that another party is interested in said note, hence a misjoinder of parties. It is the theory and requirement of our practice act that all parties in interest should be brought in and all conflicting interests adjudicated, which duty is enjoined on the trial courts by statutory enactment. R. S. 1889, secs.

1992 and 1994; Treven v. Dawson, 65 Mo. App. 93; McLaren v. Wilhelm, 50 Mo. App. 658; Dewey v. Carey, 60 Mo. 224. (4) The testimony of the witness, James H. Bullard, is competent and was properly admitted by the trial court. R. S. 1889, sec. 8918; Kuhn v. Insurance Company, 71 Mo. App. 309; Banking House v. Root, 132 Mo. 256; Mathias v. O'Neill, 94 Mo. 520; Kincheloe v. Priest, 89 Mo. 246. (5) Appellant waived the incompetency to testify of the witness, Bullard, if he was incompetent by cross-examining him after he, appellant, became aware of such incompetency. Hickman v. Green, 123 Mo. 173; Hume v. Hopkins 140 Mo. 65; Bank v. Flanagan, 129 Mo. 204; Tomlinson v. Ellison, 104 Mo. 105.

BOND, J.—On the twenty-sixth of July, 1888, defendant gave his note for $960.39 to E. Tillotson & Co., payable in ninety days at the German Savings Institution. In September, 1898, E. Tillotson, who had traded under the style of Tillotson & Company died, and plaintiff became his administrator, and finding this note among his decedent's papers brought suit thereon.

The defense is payment by the giving of a renewal note upon the maturity of the one in suit, and payment of accrued interest and subsequent payment of the renewal note.

The cause was submitted to the court without a jury, and evidence adduced tending to prove the defense made in the answer. There was a finding and judgment for defendant, from which plaintiff appealed.

This appeal presents only one question. Did the trial court err in overruling plaintiff's motion to exclude the testimony of defendant's bookkeeper made after cross-examination of such witness by plaintiff? The rule is clear and well established that where one party to a contract or cause of action in issue and on trial is dead, neither the other party to such transaction, nor one who acted as his agent in consum-

mating it, is a competent witness, against the objection of the adverse party, as to anything said or done in the transaction with the decedent. R. S. 1899, sec. 4652. C. E. Donnell Newspaper Co. v. Adolph C. Jung, Vol. 2 Missouri Appellate Reporter, 883. The witness, whose testimony it was sought to exclude under this rule, stated that he was a bookkeeper and employee of the defendant; that from the entries made by him upon the books he was employed to keep he knew that a renewal of the note in suit was made by defendant on the date of its maturity and a check given for the accrued interest. He does not claim to have been present when any contract for such renewal was made between defendant and plaintiff's intestate nor does he undertake to testify as to what occurred in any transaction between these parties, nor does he claim that he represented defendant in securing any such agreement from plaintiff's intestate. On the contrary he states that whatever was done in this respect was done between defendant and plaintiff's intestate at the office of the latter, and not in the defendant's office, where the witness was employed. The substance of his testimony was confined to a simple statement of book entries made by him in the discharge of his duties as bookkeeper. It is apparent from this evidence that the witness gave no evidence inhibited by the statute, and although he stated on cross-examination that he acquired knowledge of the matter testified to by him as agent or representative of defendant, yet the agency thus admitted did not extend to any representation of defendant in procuring a contract from plaintiff's intestate for the renewal of the note in suit, but referred simply to such information as had come to the witness in the capacity of bookkeeper and office employee of defendant. As it is not claimed that the evidence elicited from statements made by him of entries on the books in his charge was incompetent in itself, and as the record fails to show that he testified as to any matters happening between

himself and the deceased, or any contract between defendant and the deceased, the trial court did not err in refusing to exclude the testimony actually given by the witness, which the developments of the trial had shown was not obnoxious to the rule invoked. The colorable ground given to this motion by the admissions of the witness on cross-examination was entirely removed when the evidence sought to be excluded was examined and found to be wholly unrelated to any contract made by the decedent and witness or with the defendant.

No other errors being assigned, the judgment herein is affirmed. Judge *Bland* concurs; Judge *Biggs* absent.