Sloan v. Dale.

---

SUSAN E. SLOAN, Respondent, v. R. J. DALE, Adm'r, Appellant.

### Kansas City Court of Appeals, June 3, 1901.

**Quantum Meruit:** SERVICES: IMPLIED PROMISE: UNCLE AND NIECE: CONSTRUCTION. Where a niece, on the death of her husband, resides with her uncle as a member of his family till his death, the law presumes her services to be gratuitous and she must show an agreement expressed or implied to pay her for her services; and on the evidence in this cause it was error to refuse an instruction to the above effect. Sprague v. Sea, 152 Mo. 327.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*Scott & Bowker* for appellant.

(1) Instruction number five offered by appellant, should have been given. Where services are rendered by one as a member of a family, the law raises the presumption that they are gratuitous, and this presumption must be overcome before a recovery can be had. Penter v. Roberts, 51 Mo. App. 222. (2) Services rendered by a member of a family or by one occupying the position as a member of a family, are presumed to be gratuitous. An agreement expressed or implied must be shown before such a one can recover for such services. Woods v. Land, 30 Mo. App. 176; Penter v. Roberts, 51 Mo. App. 222; Bittrick v. Gilmore, 53 Mo. App. 53; Castle v. Edwards, 63 Mo. App. 564; Callahan v. Riggins, 43 Mo. App. 130.

*Brown, Harding & Brown* for respondent.

(1) Instruction number five does not properly state the law applicable to this case and therefore was properly refused. Smith v. Myers, 19 Mo. 433; Hart v. Hart, 41 Mo. 441; Whaley v. Peak, 49 Mo. 80, 83; Sprague v. Sea, 152 Mo. 327; Ramsey v. Hicks, 53 Mo. App. 190, 195; Erhart v. Dietrich, 118 Mo. 418, 430; Clark v. Cordry, 69 Mo. App. 6, 16. (2) But conceding that instruction number five stated a correct proposition of law, it was not error to refuse it, because instruction number one, given by the court of its own motion, correctly stated the law, in fact all of the instructions given re-

quired the jury to find that there was an agreement or understanding between plaintiff and Shindler that he was to pay and she was to receive compensation for her services.    Smith v. Eno, 15 Mo. App. 576; Boller v. Cohen, 42 Mo. App. 97; Mitchell v. Plattsburg, 33 Mo. App. 555, 561.

ELLISON, J.—This is an action for five years' work and labor performed for deceased at $300 per year.    The judgment in the trial court was for plaintiff for $1,284.37.

The evidence tended to show that plaintiff was a niece of deceased, a bachelor, and that about seventeen years prior to his death her husband died leaving her without sufficient means of support and that deceased had his brother go to see her and invite her to make her home with deceased, which she did until the day of his death.    There was evidence, however, tending to show that deceased himself went for plaintiff and in asking her to go to his house he said that from which it could reasonably be inferred that he expected to pay her for her services. There was evidence tending to show that deceased made expressions at different times during these years going to show that he intended to pay plaintiff.    On the other hand, there was no evidence of any express understanding between the parties, or that there was ever any settlement between them, or any payments in all that time.    There are no credits on account for payments, or for board or clothing, or that the contract of hiring included board and clothing.    From the face of plaintiff's case it is reasonable to infer that during these seventeen years no payment on account had been made, for if there had been, we may justly infer that counsel would have shown it as very strong evidence of a contract to pay for the last five years sued for.    Plaintiff must have been a person of considerable independent means, or else she could not have sustained herself without some settlement and pay-

ment by him whom she charges was her debtor.    Seventeen
years of constant labor by one in poor financial circumstances,
without ever once receiving a payment, challenges one's cred-
ulity.    Yet we will concede that plaintiff has shown enough
from which a jury might infer that there existed an intent on
the uncle's part to pay and on the niece's part to receive pay.
In this condition of the evidence the court refused the following
instruction offered by defendant:

"The court instructs the jury, that if they find from the
testimony that the plaintiff was a niece of Lafayette Shindler,
deceased, and some seventeen or eighteen years ago came to
reside with the said Lafayette Shindler, on the death of her
husband, and continued to reside with the said Lafayette Shind-
ler from said date up to the time of his death, as a member
of his family, that the law presumes that any services ren-
dered, by the said plaintiff to the said deceased, were to be
gratuitous and not paid for, and before the plaintiff can re-
cover in this case, it devolves upon her to overcome such pre-
sumption, and show that there was an agreement, expressed
or implied, to pay her for said services."

We think the court erred in so doing.    That instruction
states the law as declared on a great number of occasions in
the appellate courts of the State.    Woods v. Land, 30 Mo. App.
176; Brock v. Cox, 38 Mo. App. 40; Penter v. Roberts, 51 Mo.
App. 222; Finnell v. Gooch, 59 Mo. App. 209; Lawrence v.
Bailey, 84 Mo. App. 107.

The trial court doubtless refused the instruction in the
belief that one given, which is substantially a copy of that
approved in Sprague v. Sea, 152 Mo. 327, was better suited
to the case.    But we are not of that opinion.    The facts in
Sprague v. Sea were different in important particulars from
much of that in this case tending to support defendant's de-
fense.    Enough so, at least, to make the instruction as offered

by defendant the better one for this case. It certainly contains a fair statement of the law and it can not be disputed but that it is based on evidence in the cause.

The judgment will be reversed and cause remanded. All concur.