# S. E. TAYLOR, Appellant, v. JOHN GEORGE, Executor, Respondent.

**Springfield Court of Appeals, December 11, 1913.**

1. **PARENT AND CHILD: Services by Child: Presumed Gratuitous.** Services rendered by a child to a parent are not presumed, as in cases between strangers, to be for pay. They are presumed to be rendered on account of the moral obligations arising from the relationship and as a gratuity.

2. ————: ————: **Action for: Maintainable Only Under Contract.** A child to recover for services rendered a parent, must prove a contractual relation showing an intention on the part of the parent to pay and a right on the part of the child to demand and receive such pay.

3. **HUSBAND AND WIFE: Action for Services Rendered by Wife to Her Mother: Competency of Husband as Witness.** In an action by a daughter to recover for services rendered to her aged mother, the husband of the daughter would be a competent witness only by reason of his being her agent in the making of a contract binding the mother to pay for such services. [Citing Sec. 6359, R. S. 1909.]

4. **CONTRACTS: One Party to, Dead: Other Party or Agent Disqualified to Testify.** In an action by a daughter to recover for services rendered to her mother, the husband, who acted as wife's agent in making the contract for the services, is disqualified from testifying after the death of the mother. [Citing Sec. 6354, R. S. 1909.]

5. **CONTRACTS: One of Parties to, Dead: Other Party not Permitted to Testify: Statute Examind.** Sect. 6354, R. S. 1909, which provides that where one of the original parties to a contract is dead, the other party shall not testify for himself in an action to enforce the contract, is examined and *held* to be both an enabling and disabling statute.

6. ————: **Made by Agent: Death of Other Contracting Party: Agent Disqualified as Witness.** In a contract where one of the parties contracted by agent the death of the other contracting party disqualifies such agent from testifying.

7. **PARENT AND CHILD: Action for Services: Agency of Husband: Evidence Reviewed.** Action by daughter against her mother's estate to recover for services rendered the mother. Evidence examined and reviewed. *Held*, not sufficient to establish agency of husband of plaintiff to make a contract with the mother for such services.

Appeal from Dallas County Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*J. W. Miller, Levi Engle* and *L. C. Mayfield* for appellant.

(1) L. C. Taylor, husband of appellant, was her agent and was a competent witness and his agency was proven by his testimony and other facts and circumstances in evidence. Jackson v. Smith, 139 Mo. App. 691; Christian v. Smith, 85 Mo. App. 122; Leete v. Bank, 115 Mo. 184; Joplin ex rel. v. Freeman, 125 Mo. App. 724; Monroe v. Railroad, 154 Mo. App. 51-69; Close v. Hurst, 151 Mo. App. 77; R. S. 1909, sec. 6359. (2) An agent is a competent witness although the party with whom he made the contract be dead; and this rule applies although the husband made the contract for his wife as her agent. Jackson v. Smith, supra, 139 Mo. App. 691; Clark v. Thias, 173 Mo. 644; Stanton v. Ryan, 40 Mo. 510; Leahy v. Simpson's Admr., 60 Mo. App. 83. (3) The evidence shows that the services were well worth the amount sued for and were not gratuitous. Sprague v. See, 152 Mo. 327.

*John S. Haynes* and *O. H. Scott* for respondent.

(1) Because of the near relation of the parties, plaintiff cannot recover in this case unless she shows that there was a contractual intention, understanding and expectation to pay wages by the mother, and to receive wages by the plaintiff, the daughter. Brand v. Ray, 156 Mo. App. 622, and cases cited. (2) An agent is not a competent witness in behalf of his principle when the other party to the contract is dead. Carrol v. Railroad, 157 Mo. App. 273. (3) The husband's agency must be clearly and satisfactorily shown. Mechem on Agency, p. 46, sec. 63; Eystra v. Capelle, 61 Mo. 578.

STURGIS, J.—This suit has for its basis the same claim against the estate of Mrs. E. G. Munhollon as was the subject of the appeal in Taylor v. George, 159 Mo. App. 160, 140 S. W. 611. After the decision in that case, plaintiff brought suit in the circuit court to establish her claim as a judgment for allowance against that estate. The plaintiff is the daughter of the deceased. Her claim is made up of several items, by far the largest of which is for boarding, supporting and taking care of her mother during the last ten or twelve years of her life and during the last two of which it is alleged her mother was almost entirely helpless, requiring almost constant care. After hearing the evidence, the court excluded this item and two others of minor importance from the consideration of the jury and permitted plaintiff to recover for two other items for taxes paid and purchase of a coffin for deceased. The plaintiff has appealed.

There is no formal assignment of error in this court but the "points" made in appellant's brief relate to the action of the court with reference to this item for care and support of plaintiff's mother. The evidence abundantly shows and it will be conceded that the deceased mother, an aged widow lady, lived with her daughter during the last several years of her life and that during the last year or more she was in a rather helpless condition both mentally and physically and required much care and attention. That the daughter, plaintiff here, gave her mother a home and bestowed on her kind and patient care and attention, administering to her every want as best she could from her limited means and humble home, goes without question.

It must be conceded, however, that, on account of the relationship of these parties and the circumstances under which the mother went to live with the daughter in her old age, however meritorious and valuable were the services, care and attention rendered by the

daughter to the mother, this case falls within that class of cases where no presumption arises that such services are to be paid for. Unlike it would be between strangers, no implied contract to pay for same arises from the performance by one of a family of valuable services for another. Such services are in such cases presumed to be rendered on account of the moral obligations arising from the family relation and to be gratuitous. Before one party can recover from another a money consideration under such circumstances there must be proof of a contractual relation, showing both an intention and obligation on the one party to pay and an intention and right on the other party to demand and receive pay for such services. The law applicable to this and like cases is well expressed and the authorities collated by the Kansas City Court of Appeals in Brand v. Ray, 156 Mo. App. 622, 630, 137 S. W. 623, as follows: "That the family relation existed is not a matter of doubt or dispute. In such instances there is no presumption, as in cases between strangers, that services rendered by one member to the other are to be paid for. Such services are, however, the subject of contract, and they can only be made the ground of an action when they are rendered under a contract between the parties. The contract need not necessarily be in the form of express terms. It may be implied; but before an implication will arise, it must be shown that there was a contractual intention and understanding and an expectation to pay wages by one party and an expectation to receive wages by the other. [Bircher v. Boemler, 204 Mo. 554, 562, 563; Kostuba v. Miller, 137 Mo. 161, 175; Erhart v. Dietrich, 118 Mo. 418; Morris v. Barnes, 35 Mo. 412; Guenther v. Birkicht, 22 Mo. 439.] And so the Courts of Appeals have time and again followed these decisions. [Woods v. Land, 30 Mo. App. 176; Brock v. Cox, 38 Mo. App. 40; Lawrence v. Bailey, 84 Mo. App. 107; Sloan v. Davle, 90 Mo. App. 87;

Fitzpatrick v. Dooley, 112 Mo. App. 165; Birch v. Birch, 112 Mo. App. 157.] The expression of an intention to bestow a bounty and an expectation to receive a bounty will not suffice; an expectation to be made the beneficiary in a will is not sufficient. There must be an understanding of a debtor and creditor relation, capable of enforcement in law. There must be brought into existence a legal obligation.''

The cases of Bircher v. Boemler, 204 Mo. 554, 103 S. W. 40, and Woods v. Land, 30 Mo. App. 176, show that there must be something more than a mere intention to make, or expectation to receive, compensation at some time and in some way for such services in order to constitute the same an enforceable claim against an estate. The claimant must show such an agreement between the parties as will compel the beneficiary to make payment whether he so desires or not.

The claimant in this case in recognition of this requirement of the law attempted to show a promise and agreement by the deceased with her daughter binding the deceased to pay her daughter for boarding and taking care of her. It is conceded that such agreement was shown, if at all, only by the evidence of the plaintiff's husband. The trial court excluded his evidence as being incompetent and this is the principal question in the case.

The husband would be a competent witness for his wife only by reason of his being her agent and then only as to some matter of business or business transaction had with or conducted by him as her agent. [Sec. 6359, R. S. 1909.] Granting that he was, and acted in this matter as, his wife's agent and as such made a contract for her binding his mother-in-law to pay her daughter for boarding and caring for her, we are then confronted with the proposition that the other party to this contract being dead, he is an incompetent witness under the proviso contained in section 6354,

Revised Statutes 1909. The insistence is that the statute disqualifying one party to a contract when the other is shown to be dead includes the agent of such living party where the contract was made by and through such agent. This has been a much mooted question in this State. The decisions are conflicting. It was at one time held that the statute did not disqualify a party to a contract or cause of action in issue unless such party was also a party to the suit. [Looker v. Davis, 47 Mo. 140; Jackson v. Smith, 139 Mo. App. 691, 123 S. W. 1026, and cases cited.]    Such, however, is not now the law. [McClure v. Clement, 161 Mo. App. 23, 25-8, 143 S. W. 82, and cases cited; Meier v. Thieman, 90 Mo. 433, 2 S. W. 435; Cleveland v. Coulson, 99 Mo. App. 468, 73 S. W. 1105; Griffin v. Nicholas, 224 Mo. 275, 328, 123 S. W. 1063.]    There is also a line of decisions based on the theory that the statute is an enabling one only and not a disabling one and that whether the witness has or has not an interest in the controversy is a fact to be considered in determining his competency. This doctrine is to the effect that where a witness is not a party to a suit or interested therein he is not disqualified at common law, even though the other party to the contract in issue is dead, and the statute, being an enabling one only, does not disqualify one who is not disqualified by the common law. [Baer v. Pfaff, 44 Mo. App. 35, 40; Ring v. Jamison, 66 Mo. 424; Curd v. Brown, 148 Mo. 82, 49 S. W. 990; Clark v. Thias, 173 Mo. 628, 73 S. W. 616.]    Some of these cases have been expressly overruled and this doctrine has been abandoned and it is now held that the death of the other party is the only controlling factor in determining the competency of a witness. [Weiermueller v. Scullin, 203 Mo. 466, 471, 473, 101 S. W. 1088; Jackson v. Smith, 139 Mo. App. 691, 700, 123 S. W. 1026; Carroll v. Railroad, 157 Mo. App. 247, 274, 277-9, 137 S. W. 303; McClure v. Clement, 161 Mo. App. 23, 25, 143 S. W. 82.]    The main

provision of this statute is an enabling one by removing the disability of interest but the proviso is a disabling one on account of the death of the other party. [Griffin v. Nicholas, 224 Mo. 275, 327, 123 S. W. 1063; Banking House v. Rood, 132 Mo. 256, 262, 33 S. W. 816.]

The identical question now presented to this court has recently undergone a thorough examination by both of the other Courts of Appeals in Carroll v. Railroad, 157 Mo. App. 247, 137 S. W. 303, and Jackson v. Smith, 139 Mo. App. 691, 123 S. W. 1026. In the Jackson v. Smith case the Kansas City Court of Appeals, basing its decision on Clark v. Thias, 173 Mo. 628, 73 S. W. 616, held directly that where the husband made a contract for his wife as her agent the statute in question did not disqualify him as a witness. That court, however, mentioned the fact that the decisions were not harmonious and conceded that where a corporation or partnership acts by agent the death of the agent would disqualify the other party and vice versa. [Williams v. Edwards, 94 Mo. 447, 7 S. W. 429; Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657; Columbia Brewing Co. v. Rohling, 133 Mo. App. 65-7, 112 S. W. 767.] Besides, the Jackson v. Smith case, supra, following Clark v. Thias, supra, was partially, at least, based on the erroneous theory that because the agent was neither a party to the record nor interested in the suit, the statute did not disqualify him; which it does not on the ground of interest but does on the ground that the other party to the contract at issue is dead. This same court in the later case of McClure v. Clement, 161 Mo. App. 23, 143 S. W. 82, stated that in deciding Jackson v. Smith, supra, it had overlooked the fact that this statute has been amended since the decision of Looker v. Davis, 47 Mo. 140, and that that case and those following it were no longer authority as to that point.

In the case of Carroll v. Railroad, 157 Mo. App. 247, 275, 137 S. W. 303, the St. Louis Court, basing its decision on the case of Griffin v. Nicholas, 224 Mo. 275, 326, 123 S. W. 1063, as being the last controlling decision of the Supreme Court, declined to follow Jackson v. Smith, supra, and held that where the plaintiff contracted by agent, the death of the other contracting party disqualified such agent. This is a well-considered case and we think announces the correct rule of law. There is no longer a doubt but that the statute should be construed according to its spirit and intent rather than its strict letter and in such a way as to accomplish its evident purpose of closing the mouth of one party by law where death has closed the mouth of the other. [Weiermueller v. Scullin, 203 Mo. 466, 472, 101 S. W. 1088.] In so construing it there is no doubt, as said by MACFARLANE, J., in Banking House v. Rood, 132 Mo. 256, 33 S. W. 816, that "a party to the contract has been construed to mean the person who negotiated the contract rather than the person in whose name and interest it was made." [Brim v. Fleming, 135 Mo. 597, 606, 37 S. W. 501; McKee v. Downing, 224 Mo. 115, 140, 124 S. W. 7; Commercial Sav. Bank v. Slattery, 166 Mo. 620, 633-4, 66 S. W. 1066.] We are also impressed with the correctness of the reasoning and justness of the conclusion of the Carroll case, supra, that there is no just reason for holding that a contracting agent of a corporation is disqualified by the death of the other party to the contract but that the contracting agent of an individual is not so disqualified. That a corporation always acts and contracts by agents and that individuals only so act and contract part of the time is certainly no valid reason for applying the rule to individuals when they do so act or contract.

We think our decision in this case will be found in full accord with Green v. Ditsch, 143 Mo. 1, 7-8, 44 S. W. 799; Williams v. Edwards, 94 Mo. 447, 7 S. W.

429; Brim v. Fleming, 135 Mo. 597, 606, 37 S. W. 501; Real Estate Co. v. Bldg. Co., 196 Mo. 358, 93 S. W. 1111; Robertson v. Reed, 38 Mo. App. 32; Donnell Newspaper Co. v. Jung, 81 Mo. App. 577; Wendover v. Baker, 121 Mo. 273, 297, 25 S. W. 918; Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053; Edwards v. Warner, 84 Mo. App. 200. The present ruling certainly conforms to the evident purpose of the statute, makes it uniform in its application and aids in preventing inequality and false swearing, in that in all cases where one of the active parties in making a contract or conducting a business transaction, whether as principal or agent, is dead and such contract or transaction becomes the basis of a lawsuit, then the other active party is disqualified as a witness with relation thereto. Keeping this intent and purpose of the proviso to the statute in view, much of the difficulty in the construction of the statute vanishes by applying these principles: that the spirit of the statute includes in the term "party to the contract or cause of action" the agent who negotiated the contract or conducted the business; that the statute makes no distinction in this respect between corporations or partnerships and individuals when acting by agent and there is no distinction in principle; that the proviso to the statute makes the death of the other party to a contract or cause of action the sole ground and test of such disability without any reference to the witness's interest in the controversy or his competency at common law. We, therefore, hold that the trial court did not err in holding that plaintiff's husband is not a competent witness as to making any contract as agent of his wife with the deceased and in excluding his evidence as to such matter.

We also hold that there is no sufficient showing that the husband was in fact acting as agent of his wife in making or attempting to make any such contract. The husband did not testify that his wife au-

thorized, requested, or directed him to make any agreement with her mother, binding the mother to pay the daughter for boarding and caring for her, except, possibly, in so stating as a mere conclusion of the witness drawn from certain remarks or conversations with his wife, which, when given in evidence, refuted any such idea. The witness said that he generally tended to all his wife's business, looked after and tended the farm, did everything she directed, etc., and then said that his wife told and directed him to go after and bring his mother-in-law to their home, which he did. But this falls far short of proving that he was authorized to make a contract for his wife compelling his mother-in-law to pay for her board and any and all care that might become necessary in case of sickness. He also testified as to hearing his mother-in-law tell his wife in a conversation between them that she would pay her for boarding and caring for her, but he certainly was not acting as agent of his wife in listening to the making of any contract directly between them. "These were matters about which he could as well testify had he never been her agent so far as obtaining his information by reason of his agency is concerned. It did not grow out of his agency nor was it connected therewith in the sense of the statute." [White v. Chaney, 20 Mo. App. 389, and cases cited; Flannery v. Railroad, 44 Mo. App. 396.]

Other points are discussed by counsel in their briefs but what we have said is decisive of the case. It, therefore, results that the case having been properly tried is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.