MINOR TEMPLE v. SAMUEL CUPPLES ENVELOPE COMPANY, Appellant.
—300 S. W. 265.

Court en Banc, December 2, 1927.

*W. H. Guest* and *Frank A. Habig* for appellant.

*Earl M. Pirkey* for respondent.

WALKER, C. J.—This is a suit to recover damages for injuries received by the plaintiff while in the employ of the defendant. The case was tried before a jury, resulting in a verdict for the defendant. The circuit court sustained the plaintiff's motion for a new trial and the defendant under the statute (Sec. 1469, R. S. 1919) perfected an appeal to this court.

The nature of the plaintiff's employment was that of a porter or laborer. On the floor where he worked the defendant had installed machines operated by belts and pulleys. Plaintiff's work consisted in removing from the floor around and walls near the machines an adhesive substance which had dripped or been thrown from the machines when they were being operated. While he was thus engaged a piece of a cord from a moving belt caught the bar or scraper with which the plaintiff was working and drew it into a pulley, causing the bar to strike the plaintiff and throw him upon some boxes and pieces of iron, inflicting injuries to his head for which he seeks damages. The gravamen of the action is for injuries arising from unguarded machinery. The answer alleges that the plaintiff, while engaged in his work, negligently permitted the bar or scraper to come in contact with the belt, pulley and shaft, resulting in his injury. The reply was a general denial.

Briefly, without stating the testimony in detail, that for the plaintiff tended to show that his injuries were the result of negligence on the part of the defendant in not properly guarding its machinery so as to protect from injury those operating or working about the same. The testimony for the defendant, in the absence of any affirmative

showing that the machine was guarded, was that the plaintiff's injuries were the result of the negligent manner in which he performed his work and that the defendant was not liable therefor.

The defendant bases its appeal on two grounds: first, that the giving of instruction numbered 4 on behalf of the defendant was correct, and that the court erred in granting a new trial because of the giving of the same; and, second, that the plaintiff's evidence did not authorize a verdict in his favor. Instruction Four is as follows:

"The court instructs the jury that it was only the duty of the defendant to exercise ordinary care to provide the plaintiff with a reasonably safe place in which to work, and to exercise ordinary care to provide in its said factory reasonably safe guards around such belts, pulleys and machinery, as would make such belts, pulleys and machinery reasonably safe for such servants and employees as were in and around same. And, the court instructs the jury that before the plaintiff can recover in this case, he must prove by a preponderance of the evidence, that is to say the greater weight of the believable evidence, that the defendant was careless and negligent in failing to place around any such belts, pulleys and machinery that plaintiff claims to have been injured on or about, a reasonably safe guard, not an absolutely safe guard, but only such a guard as would render same reasonably safe to employees working about same. And, the court further instructs the jury, that *the mere fact that plaintiff was injured is in itself alone no evidence of carelessness and negligence on the part of defendant.*

"And the court further instructs the jury, that even if you find and believe from the evidence that plaintiff was injured by coming into contact with some part of any belt, pulley or machinery, yet, if you further find and believe that said pulley or belt or machinery were guarded in a reasonably safe manner to protect employes engaged in their usual occupations in and around same, then the plaintiff cannot recover and your verdict must be for the defendant."

I. The contention of the plaintiff was that the italicized portion of this instruction was error in that the injury itself, under the facts in this case, forms a link in the chain of proof and that the italicized portion of the instruction was therefore misleading. Although the facts in Orris v. Railway Co., 279 Mo. 1, 214 S. W. 124, were somewhat different from those at bar, a like instruction given by the trial court in that case was held to be error. Notwithstanding the various rulings of this court concerning the legal propriety of an instruction of the character of Number Four in which the determination of the matter is shown to have been dependent upon the facts in each particular case, we are of the opinion, under the facts at bar, that the

trial court erred in telling the jury that "the mere fact that plaintiff was injured is in itself alone no evidence of carelessness and negligence on the part of the defendant." Under the allegations of the petition it devolved on the plaintiff to show that his injuries arose from the unguarded condition of the machine and as unguarded that it was dangerous and that its operation in that condition resulted in the plaintiff's injury. The fact, therefore, that the plaintiff was injured, as the testimony in his behalf tends to show, while in the regular discharge of his duties, indicates that the operation of the machine in its unguarded condition was dangerous, and that his injury, under such circumstances, is a necessary link in the chain of evidence necessary to determine the liability of the defendant. The trial court's statement to the contrary in said instruction was therefore error and the granting of a new trial was proper.

II. The evidence showed that the plaintiff was cleaning the floor with an iron bar or scraper near the unguarded machine which was being operated. That because of its unguarded condition, which could have been remedied without interfering with its free operation, the bar or scraper, while being used by the plaintiff, was drawn into the moving belt or pulley and the plaintiff was injured. The probative force of these facts was sufficiently substantial to authorize a submission of the issue to the jury. [Lore v. Am. Mfg. Co., 160 Mo. 608; Daniels v. Goeke, 191 Mo. App. 1; Morgan v. Hager, 120 Mo. App. 590.]

Procedural errors are also urged by the defendant in challenging the correctness of the action of the lower court in granting a new trial. From their nature it is not likely that they will occur upon a retrial and hence they are not reviewed.

Recognizing the discretion of the lower court to grant a new trial which we do not think has been arbitrarily exercised, we affirm its order in that behalf. *Ragland, Atwood, White* and *Gantt, JJ.*, concur; *Blair* and *Graves, JJ.*, dissent, *Graves, J.*, in a separate opinion.

GRAVES, J. (dissenting).—I dissent in this case, and do it under opinion in Orris v. Ry. Co., 279 Mo. 1. In that case an instruction much like No. 4 in this case was condemned, but only on the theory that the very injury itself tended to show the negligence of defendant, as therein fully discussed. In that case the character (in size) of the wound to plaintiff (Orris) was a link in the proof of negligence, as we then thought, and now think. But such is not the instant case. Here there is no peculiar characteristic of the wound itself that would tend to show the alleged negligence of the defendant. The defendant cites us to two cases, Moss v. Wells, 249 S. W. l. c. 413, and Manthey v. Kellerman Contracting Company, 277 S. W. l. c. 933. Of these the Moss case really declares no law. The opinion by

a commissioner is concurred in by one judge *in toto*, by another specifically as to named paragraphs and by two others in the result. It does show that the present writer agreed with LINDSAY, Commissioner, on his construction of the rule announced in the Orris case. Paragraph II of the opinion discusses the Orris case, and we agree to that discussion. This paragraph announces just what we are announcing now.

Manthey v. Kellerman Contracting Company, supra, by a four-to-three vote concurs in the construction given of the Orris case in the Moss case, supra. This therefore makes the pronouncement in Paragraph II of the Moss case the rule of law.by the Court en Banc. We are correctly marked as dissenting in Manthey's case, but the 13th paragraph of the syllabi says all three of us (this writer and two others) dissented to the ruling that the giving of Instruction 5 in that case (277 S. W. l. c. 933) was not error. Speaking for the writer only, we did not dissent to that ruling. We dissented generally, and for reasons other than the court's ruling on Instruction 5. The fact is we thought that ruling was correct, and had in the Moss case ₁agreed to a similar ruling when the Orris case rule was discussed, as it was in Manthey's case, supra.

We think the trial court erred in granting to plaintiff a new trial on the ground that defendant's Instruction 4 was error, and that the rule in Orris's case, supra, does not accord with the trial court's view of the law. In other words, the facts in this case are not the facts in Orris's case, and do not bring this case within the rule of that case. The Manthey case, supra, supports this view. We therefore dissent.